REPUBLIC LIFE INS. CO. (CHAPMAN v.). See Case No. 2,606.

## Case No. 11,708.

### The RESCUE.

[2 Spr. 16.] [1]

District Court, D. Massachusetts.    Feb., 1858.

COLLISION—TUG AND TOW—PILOT.

If a steam-tug with a ship in tow, both vessels being under the charge of a pilot appointed by the owners of the ship, negligently causes the ship to come into collision with another vessel, the steam-tug is liable.

[Cited in The Belknap, Case No. 1,244.]

This was a libel in rem for damage by collision with libellants' bark. There were two separate cases of collision, at two different times, with the same bark, charged: but the one about which there was most controversy, occurred while the libellants' vessel was lying at the end of their wharf at Charlestown. It appeared that the steamboat was fastened alongside the ship Mercury, for the purpose of taking her to sea, and, while endeavoring to wind her in the stream, backed her down on to the libellants' bark, and did the damage complained of. The defence was, that the steamboat was under the charge and control of the vessel to which she was attached, and that the vessel had on board an authorized pilot who commanded and directed the motion of the vessel and steamboat, and that the libellants' claim, if any, was against the pilot or the vessel.

Seth J. Thomas, for libellants.
H. A. Scudder, for claimants.

SPRAGUE, District Judge, held that the steamboat was the active power, and the ship the mere passive body, by which the damage was done, and that the proceeding, being in rem, was rightly brought against the steamer, whether she had a pilot on board or not. Decree for the libellants.

NOTE. See The R. B. Forbes [Case No. 11,598], which case was affirmed in the circuit court; Cushing v. The John Fraser, 21 How. [62 U. S.] 184; Petley v. Catto, 6 Moore, P. C. 371.