Mr. Justice CLIFFORD (with whom concurred Mr. Justice FIELD):
I concur in the proposition that the pilot laws of New York afford no defence to the appellants in this case, and that the decree of the Circuit Court, determining that the colliding steamship was liable, notwithstanding she had a licensed pilot on board, ought to be affirmed. Many English cases decide otherwise, but I am not satisfied with the . reasons given in their support, and have no hesitation in concurring in the conclusion to which the majority of the court has come; but I do not concur in the proposition that •he State laws which require inward or outward-bound vessels to pay pilot fees or half pilot fees, whether they employ a pilot or not, would afford any such defence'in a case of collision, even if it be admitted that a law imposing penalties,- in' case of a refusal to employ a licensed pilot, would have that effect. Whether the party charged is liable or not, aside from the merits, depends in ail cases upon his relatiou to the wrongdoer. If the wrongful act was done by-himself, or was occasioned by his negligence, of course he is *70 liable, and he is equally so, if the act constituting the fault was done by one towards whom' he bore, the relation, of principal, but the liability ceases where the relation of principal Entirely ceases, tó exist, as in case of - inevitable accident. Unless the relation of principal entirely ceases to exist, the ’ party owning the vessel remains liable in a suit in personam.
When a .vessel is chartered, the liability of the,, owner, in respect to a collision happening in consequenee’of the faulty navigation of the ship*’ depends upon the inquiry whether or n'of the master and crew can be considered to be his servants. Settled rule is that Where the ship-owner provides ‘ .the vessel only, and the master and crew are selected.by the charterer, th,e latter and n'pt the ship-owner is responsible for their acts. But. if the ship-owner provides not merely the vessel, b.ut also selects the master and crew, he is still liable, in case of collision, to the owners of the injured vessel, because the vessel, in the sense of the maritime law, is under his control, though the wages of the master and crew may be paid by the charterer. 'Such liability in the former case is shifted from the real owner to the owner for the voyage; but the ship is as much liable in the one-case as jn the othér to a suit'in rem for the injury committed*.because she sailed on the voyage as the property of the real owner and by. his consent.
Port regulations ,-are supposed to be known to the shipowner before.he sends his vessel on the voyage, and the rule .of th^maritime law is, that in sending her to any particular port he elects to submit to the lawful regulations established at that port, and that his vessel shall be responsible in case she unlawfully collides with another vessel engaged in law-, ful navigation. Contrary to the rule adopted in the English admiralty, the American courts have so held without an exception which has fallen under my observation.*
■ All of these cases decide that the State 'statutes requiring *71 the master to take a licensed pilot and making provision for the payment of pilot fees, do not amount to a compulsion. ■ .to take a pilot, and I am satisfied they are correct, aud that such a statute cannot be set up, as exempting a ship frpm responsibility while navigated by a licensed pilot.
Believing those decisions to be correct,T cannot' consent to pronounce them incorrect, especially ás no such' conclusion is necessary to the right disposition of the present case. Neither the common law courts nor the courts of admiralty,' in, this country, have adopted' the rule established ,by Dr. Lushington.- On the contrary, they all have held that the State laws requiring the master to-. pay pilot fee»,- whether he employed a pilot ¿r npt, did not compel him to surrend.er the navigation of his ship to the licensed pilot, or prevent him from continuing in the command of his ship. .Dissenting as I do from the rule laid down in the English cqurts,' I concur.with the majority of the court'in overruling those decisions as applied to pur jurisprudence, but I cannot concur in overruling the American decisions which assért the opposite doctrine, because I believe they are correct.
Decree aeeirmed.

 The Carolus, 2 Curtis, 2269; The Hallock, 1 Sprague, 539; Bussy v. Donaldson, 4 Dallas, 206; Yates v. Brown, 8 Pickering, 23; Williamson v. Price, 4 Martin, N. S. 399; Dennison v. Seymour, 9 Wendell, 1; Smith v. Condrey, 1 Howard, 28; The Lotty, Olcott, 329; The Creole, 2 Wallace, Jr., 511; The Rescue, 2 Sprague, 16.